UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DISNEY ENTERPRISES, INC.
and HANNA-BARBERA
PRODUCTIONS, INC.,

      Plaintiffs,

v.

COSTUME WORLD, INC.,
COSTUME WORLD – AUSTIN, INC.,
COSTUME WORLD – DEERFIELD, INC.
and MARILYNN A. WICK,

      Defendants.

_____/

Case No.:

Complaint Seeking Permanent
Injunction, Damages, Attorneys' Fees
and Costs

## COMPLAINT

Plaintiffs, Disney Enterprises, Inc. and Hanna-Barbera Productions, Inc. (hereinafter collectively referred to as "Plaintiffs") by and through their undersigned attorneys, Holihan Law, allege for their Complaint as follows:

### INTRODUCTION

1.    This action has been filed by the Plaintiffs to combat the willful and intentional infringement of their copyrighted properties and trademarks, and includes claims of copyright infringement, federal trademark infringement, unfair competition and dilution. The Defendants, Costume World, Inc., Costume World – Austin, Inc., Costume World – Deerfield, Inc. and Marilynn A. Wick, are the owners, operators, and managers of multiple retail businesses and related enterprises that are actively selling, offering for sale, renting, distributing, and/or manufacturing unlicensed and

counterfeit character costumes and other related merchandise in conjunction with unauthorized reproductions of the Plaintiffs' copyrighted and trademarked properties.

2.     Plaintiffs seek a Permanent Injunction, damages, costs, and attorneys' fees as authorized by the Lanham Act and Florida's common law.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) as the Plaintiffs' cause of action arises under The Copyright Act, 17 U.S.C. § 101 and the Federal Trademark Act ("The Lanham Act of 1946"), 15 U.S.C. § 1051 et seq. Further, this Court has jurisdiction over Plaintiff's Florida state statutory and common law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper within the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

### Plaintiffs

5.     Plaintiff, Disney Enterprises, Inc. (hereinafter referred to as "Disney"), is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

a.     Disney, or one of various subsidiary companies wholly owned by Disney, is engaged is a variety of businesses, including the operation of the Walt Disney World resort complex and Disneyland park, producing and distributing motion pictures and television programs, operating stores and hotels, producing and selling books, records and tapes, and providing entertainment. A significant aspect of Disney's

business is the merchandising and licensing of distinctive elements associated with its motion pictures and television programs including, but not limited to, the world-famous fanciful characters Mickey Mouse, Minnie Mouse, Donald Duck, Daisy Duck, Goofy, Pluto, Winnie the Pooh, Piglet and Tigger, as well as from Disney's animated motion pictures, including, but not limited to, "Pinocchio," "The Lion King," "Aladdin," "Beauty and the Beast," "The Little Mermaid," "Snow White and The Seven Dwarfs," "Pocahontas," "Hunchback of Notre Dame," "Hercules," "Mulan," "Toy Story," "The Emperors New Groove," and "Lilo and Stitch. Disney also jointly owns the copyrights to the feature movies "A Bug's Life," "Tarzan," "Monsters, Inc.," "Finding Nemo" and "The Incredibles." (hereinafter collectively referred to as "Disney Copyrighted Movies and Characters").

b.    Each of the Disney Copyrighted Movies and Characters noted in subparagraph a. above is covered by a copyright registration with the U. S. Copyright Office. Various copyright registrations were made in the name of Walter E. Disney. In October 1934, Walter E. Disney assigned his copyrights to Walt Disney Productions Ltd. ("WDPL"), and filed a copy of such assignment ("The Assignment") with the Copyright Office. In September 1938, WDPL and Walt Disney Enterprises ("WDE") and Liled Realty and Investment Company, Ltd., were consolidated into Walt Disney Enterprises. A copy of the consolidation agreement was filed with the Copyright Office. In December 1938, pursuant to an amendment to its articles of incorporation, Walt Disney Enterprises changed its name. A copy of the 1938 certificate of amendment of the articles of incorporation ("The 1938 Name Change") to Walt Disney Productions

("WDP") was filed with the Copyright Office. In February 1986, pursuant to an amendment to its articles of incorporation, WDP changed its name to The Walt Disney Company. A copy of the 1986 certificate of amendment ("The 1986 Name Change") was filed with the Copyright Office. In February 1996, pursuant to further amendment to its articles of incorporation, The Walt Disney Company again changed its name to Disney Enterprises, Inc. A copy of the 1996 certificate of amendment ("The 1996 Name Change") was filed with the Copyright Office. Some, but not all of the applicable copyright registrations covering the characters and properties noted in subparagraph a are indexed on Exhibit "A".

c.   Disney also owns all rights, title, and interest in and to, and holds the exclusive rights to market and sell merchandise bearing the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and related to the Disney Characters (hereinafter referred to as the "Disney Trademarks"). Disney adopted one or more of the Disney Trademarks for diverse articles and registered their trademarks with the United States Patent and Trademark Office. The Disney Trademarks are indexed on Exhibit "B".

6.   Plaintiff, Hanna-Barbera Productions, Inc. (hereinafter referred to as "Hanna-Barbera"), is a corporation organized and existing under the laws of the State of Delaware, and having its principal place of business in Burbank, California.

a.   Hanna-Barbera is engaged in the business of creating, developing and producing animated programs for television, home video and theatrical release. One television program created and produced by Hanna-Barbera is the television show

*Scooby-Doo, Where Are You?* holds the record for the longest running, continuously produced children's cartoon, having first been created in 1969. In 2002, Hanna-Barbera, through its related company, WB Studio Enterprises Inc., a division of Warner Bros. Entertainment Inc. and their predecessors in interest distributed a feature-length motion picture entitled *Scooby-Doo: The Movie*. *Scooby-Doo: The Movie* grossed more than One Hundred Fifty Million Dollars ($150,000,000.00) at the domestic box office alone. In 2004, WB Studio Enterprises Inc. and its predecessors in interest distributed a feature-length motion picture entitled *Scooby-Doo2: Monsters Unleashed*. *Scooby-Doo2: Monsters Unleashed* grossed more than Eighty Million Dollars ($80,000,000.00) at the domestic box office alone. Additional sales have been generated from the international box office, from release of the motion pictures in home viewing formats, including VHS and DVD and by licensing various television rights.

      b.   A significant source of revenue for Hanna-Barbera's business is the merchandising and licensing of distinctive elements associated with its television programs, including *Scooby-Doo, Where Are You?* (including Scooby-Doo, Shaggy, Fred, Velma, Daphne and The Mystery Machine), *The Flintstones* (including Fred, Wilma, Pebbles, Bamm-Bamm, Dino, Betty and Barney), *The Jetsons* (including George, Jane, Elroy, Judy, Astro and Rose), *Yogi Bear* (including Yogi Bear, BooBoo, Cindy Bear and Ranger Smith), *Quick Draw McGraw* (including Quick Draw McGraw and Baba Looey), *Dastardly & Muttley* (including Dick Dastardly, Muttley and Mean Machine), *Top Cat* (including Top Cat, Fancy Fancy, Spook, Brain, Benny the Ball, Officer Dibble and Choo Choo), *Wacky Races* (including Penelope Pitstop, Peter Perfect, Private Meekly, Sgt.

Blast, Professor Pat. Pending and Red Max) (hereinafter individually and collectively referred to as the "Hanna-Barbera Characters"). Some, but not all of the applicable copyright registrations covering the characters and properties noted are indexed on Exhibit "A".

     c.   The revenue from products and services using the Hanna-Barbera Characters sold in the United States is substantial. The appearance and other features of the Hanna-Barbera Characters are inherently distinctive and serve to identify Hanna-Barbera as the source of products and services bearing the Hanna-Barbera Characters. The design, configuration and distinctive features of the Hanna-Barbera Characters and other Hanna-Barbera copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as the "Hanna-Barbera Copyrighted Designs") are wholly original with Hanna-Barbera and, as fixed in various tangible media, including, without limitation, merchandise, are copyrightable subject matter under the United States Copyright Act of 1976, 17 U.S.C. § 101, et seq.

     d.   Hanna-Barbera has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to the Hanna-Barbera Copyrighted Designs, and Hanna-Barbera owns numerous certificates of registration for works in which the Hanna-Barbera Copyrighted Designs appear.

     e.   Products and services featuring the Hanna-Barbera Copyrighted Designs, which are manufactured, sold and distributed by Hanna-Barbera or under its authority, have been manufactured, sold and distributed in conformity with the

provisions of the copyright laws. Hanna-Barbera and those acting under its authority have complied with their obligations under the copyright laws and Hanna-Barbera has at all times been and still is the sole proprietor or otherwise authorized to enforce all right, title and interest in and to the copyrights in each of the Hanna-Barbera Copyrighted Designs.

   f. Hanna-Barbera, through its related company, Warner Bros. Consumer Products Inc., a division of Warner Bros. Entertainment Inc., has authorized and licensed the manufacture, distribution and sale of various different types of products and services bearing the Hanna-Barbera Copyrighted Designs. These products and services include, but are not limited to themed event services, toys, games, costumes and apparel.

   g. Hanna-Barbera is the owner of the world famous registered marks that serve to distinguish its products. Each year, Hanna-Barbera spends millions of dollars to develop and maintain the considerable good will it enjoys in its trademarks and in its reputation for high quality (hereinafter collectively referred to as the "Hanna-Barbera Trademarks").

   h. Hanna-Barbera's Trademarks are valid, extant and in full force and effect. Hanna-Barbera's Trademarks are exclusively owned by Hanna-Barbera. Hanna-Barbera has continuously used Hanna-Barbera's Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint. The Hanna-Barbera trademarks are indexed on Exhibit "B".

i.    As a result of advertising and sales, together with longstanding consumer acceptance, Hanna-Barbera's Trademarks identify Hanna-Barbera's products and services and authorized sales of these products and services. Hanna-Barbera's Trademarks have acquired secondary meaning in the minds of consumers throughout the United States and the world.

7.    The Disney Copyrighted Movies and Characters and the Hanna-Barbera Copyrighted Designs will hereinafter collectively be referred to as the "Plaintiffs' Copyrighted Properties".

8.    The Disney Trademarks and the Hanna-Barbera Trademarks will hereinafter collectively be referred to as the "Plaintiffs' Trademarked Properties".

Defendants

9.    Defendant, Costume World, Inc., is a Florida corporation whose principal place of business is 950 South Federal Highway, Deerfield Beach, Florida 33441. Costume World, Inc. conducts business through the Internet via the website located at the domain <www.costumeworld.com>.

10.    Defendant, Costume World – Austin, Inc., is a Florida corporation whose principal place of business is 950 South Federal Highway, Deerfield Beach, Florida 33441. Costume World – Austin, Inc. conducts business through the Internet via the website located at the domain <www.costumeworld.com> and through a warehouse costume rental facility located at 8207 Burnet Road, Austin, Texas 78757.

11.    Defendant, Costume World – Deerfield, Inc., is a Florida corporation whose principal place of business is 950 South Federal Highway, Deerfield Beach,

Florida 33441. Costume World – Deerfield, Inc. conducts business through the Internet via the website located at the domain <www.costumeworld.com> and through a warehouse costume rental facility located at 950 South Federal Highway, Deerfield Beach, Florida 33441.

12.     Defendant, Marilynn A. Wick, is, upon information and belief, an officer, founder and controlling force in the operation of Costume World, Inc., Costume World – Austin, Inc. and Costume World – Deerfield, Inc. and whose principal place of business is 950 South Federal Highway, Deerfield Beach, Florida 33441 and through the Internet via the website located at the domain <www.costumeworld.com>. Defendant, Marilynn A. Wick, is also operating warehouse costume rental facilities located at 8207 Burnet Road, Austin, Texas 78757 and 950 South Federal Highway, Deerfield Beach, Florida 33441.

13.     Defendants, Costume World, Inc., Costume World – Austin, Inc., Costume World – Deerfield, Inc. and Marilynn A. Wick, all conduct business via the same website located at the domain <www.costumeworld.com>.

14.     Defendants will hereinafter be collectively referred to as "Costume World" or "Defendants".

INFRINGING CONDUCT

15.     Defendants are in the business of selling, offering for sale, renting, offering for rent, distributing and/or manufacturing unauthorized reproductions of the Plaintiffs' copyrighted and trademarked characters in adult and child size costumes through a chain of retail stores including, but not limited to, Costume World Austin,

9

Costume World Dallas, Costume World Deerfield Beach, Costume World Pittsburgh, Costume World Theatrical and Costume World Museum. (hereinafter "Infringing Character Costumes"). *See* Exhibits "C" and "E".

16.     Defendants also advertise, market, sell, offer for sale, rent, offer for rent, distribute and/or manufacture the Infringing Character Costumes through the Internet via their website located at the domain <www.costumeworld.com>, which includes photographs of unauthorized products and/or services. *See* Exhibit "C".

17.     Defendants have sold and/or rented the Infringing Character Costumes, which are evidenced by photographs, invoices and receipts. *See* Exhibit "D".

18.     Plaintiffs have never authorized or licensed the Defendants to give, provide, solicit, distribute and/or manufacture Infringing Character Costumes, which include or incorporate the Plaintiffs' Copyrighted Properties or the Plaintiffs' Trademarked Properties.

19.     Plaintiffs sent ten (10) letters to the Defendant, Marilynn A. Wick (hereinafter referred to as "Wick"), demanding that the Defendants cease and desist their infringing conduct. The Defendant, Wick, responded to the letters and denied the infringing conduct. Notwithstanding Wick's statements, the Defendants continued to sell, offer for sale, rent, distribute and/or manufacture the Infringing Character Costumes bearing the Plaintiffs' Copyrighted Properties and/or the Plaintiffs Trademarked Properties.

20.     Plaintiffs have in the past received complaints concerning individuals who have provided Infringing Character Costumes featuring one or more of the

Plaintiffs' Copyrighted Properties or the Plaintiffs' Trademarked Properties, which products were not authorized by the Plaintiffs.

21. Because the Plaintiffs did not authorize or license the Defendants' Infringing Character Costumes, it cannot control the quality and nature of the character costumes and the quality and nature of the individual(s) utilizing the character costumes.

## COUNT I - COPYRIGHT INFRINGEMENT

22. Plaintiffs bring the following claim of copyright infringement against the Defendant and incorporate by reference allegations 1 through 21 above.

23. Defendants are selling, offering for sale, renting, distributing, and/or manufacturing Infringing Character Costumes in conjunction with unauthorized reproductions of the Plaintiffs' Copyrighted Properties, including but not limited to, "Tigger", "Buzz Lightyear", "Woody", "Genie", "Sully", "Nemo", "Beast", "Scooby-Doo", "Fred Flintstone" and "Wilma Flintstone". Photographs of the counterfeit character costumes are attached as Exhibit "C".

24. Defendants have never been authorized by the Plaintiffs to distribute the Plaintiffs' Copyrighted Properties; nor have the Plaintiffs ever authorized, licensed, or in any manner allowed the Defendants the right to sell, offer for sale, rent, distribute and/or manufacture any merchandise including, but not limited to, character costumes or related merchandise which bear any of Plaintiffs' Copyrighted Properties.

25. Defendants have sold, offered for sale, rented, offered for rent, distributed and/or manufactured Infringing Character Costumes, which incorporate the Plaintiffs'

Copyrighted Properties, in direct violation of the Plaintiffs' copyrights. Defendants committed their acts with actual as well as constructive knowledge of the Plaintiffs' exclusive rights. Defendants' actions have contributed to the infringing, copying, duplication, sale, offer for sale, rental, distribution and manufacturing of counterfeit copies of the Plaintiffs' Copyrighted Properties. Each act by the Defendants that infringe one of the Plaintiffs' copyrights is the basis for a separate claim against the Defendants under the Copyright Act.

26.     Upon information and belief, Defendants' acts as alleged are willful infringements of and have irreparably harmed the Plaintiffs' copyrights and exclusive rights and threaten further infringements and further irreparable harm to the Plaintiffs' copyrights and exclusive rights. Further harm and injury to the Plaintiffs is imminent, and the Plaintiffs are without an adequate remedy at law with respect to such harm and injury. Unless Defendants' acts are enjoined and the illicit counterfeiters of the Plaintiffs' Copyrighted Properties are stopped, it is highly probable that the Defendants, or others under their direction, will sell, offer for sale, rent, offer for rent, distribute and/or manufacture additional Infringing Character Costumes which utilize the Plaintiffs' Copyrighted Properties causing further irreparable injury to the Plaintiffs.

27.     Defendants have obtained gains, profit, and advantages as a result of their wrongful act noted above.

28.     The Plaintiffs are entitled, at its option, to statutory damages as provided by 17.U.S.C. § 504 in lieu of actual damages and the Defendants' profits.

COUNT II - TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING

29.     Plaintiffs bring the following claim of trademark infringement against the Defendants and incorporate by reference paragraphs 1–21 and 23-28 and bring the following claim for trademark infringement pursuant to 15 U.S.C. § 1114 against the Defendants.

30.     Plaintiffs own or are licensees of the exclusive rights to Plaintiffs' Trademarked Properties indexed on Exhibit "B". All of the trademark registrations are in full force and effect and are owned by the Plaintiffs or Plaintiffs' licensors. Many of the trademarks are incontestable pursuant to 15 U.S.C. § 1065.

31.     Plaintiffs, or those under their authority, manufacture and distribute all of their advertising and products in conformity with the provisions of the United States trademark law.

32.     Notwithstanding the Plaintiffs' or their licensors' well-known and prior common law and statutory rights in the trademarks, Defendants have, with actual and constructive notice of the Plaintiffs' federal registration rights and long after the Plaintiffs' established their rights, adopted and used the trademarks in conjunction with the sale, offering for sale, rental, offer for rent, distribution and/or manufacturing of Infringing Character Costumes in the State of Florida and interstate commerce.

33.     Defendants have sold, offered for sale, rented, offered for rent, distributed and/or manufactured Infringing Character Costumes bearing Plaintiffs' Trademarked Properties, including, but not limited to, "Tigger", "The Lion King", "Scooby-Doo" and "SD" tag, without Plaintiffs' authorization. Defendants' sale, offer for sale, rental, offer

for rent, distribution and/or manufacturing of Infringing Character Costumes bearing Plaintiffs' Trademarked Properties in Florida and interstate commerce has and will cause the likelihood of confusion, deception, and mistake in that the buying public will conclude that the Defendants' products are authorized, sponsored, approved, or associated with the Plaintiffs.

34.     Said acts of infringement will cause irreparable injury to the Plaintiffs if the Defendants are not restrained by the Court from further violation of the Plaintiffs' rights as the Plaintiffs have no adequate remedy at law.

35.     The Plaintiffs have suffered damages as a result of the Defendants' acts.

36.     Defendants' use in commerce of Plaintiffs' Trademarked Properties in conjunction with the sale, offering for sale, rental, offering for rent, distribution and/or manufacturing of Infringing Character Costumes is an infringement of Plaintiffs' registered trademarks in violation of 15 U.S.C. § 1114(1).

37.     Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure the Plaintiffs and their businesses.

38.     The Infringing Character Costumes bearing the Plaintiffs' Trademarked Properties that the Defendants sold, offered for sale, rented, offered for rent, distributed and/or manufactured constitutes a counterfeit product pursuant to 15 U.S.C. § 1116(d)

COUNT III - UNFAIR COMPETITION UNDER THE LANHAM ACT

39.     Plaintiffs incorporate by reference the allegations set forth in paragraphs 1–21, 23-28 and 30-38 above.

40.     As a direct result of the Plaintiffs longstanding use, sales, advertising, and marketing, Plaintiffs' Trademarked Properties have acquired a secondary and distinctive meaning among the public who have come to identify Plaintiffs' Trademarked Properties with the Plaintiffs and their respective products.

41.     The Infringing Character Costumes that the Defendants have sold, offered for sale, rented, offered for rent, distributed and/or manufactured exactly duplicates and appropriated Plaintiffs' Trademarked Properties and deludes and confuses the public into believing that the Plaintiffs approved, authorized, or sponsored the Infringing Character Costumes sold, offered for sale, rented, distributed and/or manufactured by the Defendants.

42.     Defendants, by misappropriating and using the likenesses of Plaintiffs' Trademarked Properties in connection with the sale, offering for sale, rental, offering for rent, distribution and/or manufacture of Infringing Character Costumes are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their products.

43.     Defendants have caused such products to enter into interstate commerce willfully with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products are authorized or emanate from the Plaintiffs.

44.     These acts constitute a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

45.     The Defendants have obtained gains, profits, and advantages as a result of their unlawful acts.

46.     The Plaintiffs have suffered monetary damages as a result of the Defendants' acts.

COUNT IV - UNFAIR COMPETITION UNDER FLORIDA'S COMMON LAW

47.     Plaintiffs repeat and reallege paragraphs 1–21, 23-28, 30-38 and 40-46 of this Complaint.

48.     Plaintiffs have expended significant sums of money in advertising and marketing, which feature their products, and in creating a consumer demand for such products in Florida and elsewhere in the United States. Consequently, these products have become widely known and accepted.

49.     Defendants have sold, offered for sale, rented, offered for rent, distributed and/or manufactured Infringing Character Costumes bearing exact copies of Plaintiffs' Trademarked Properties in Florida, thereby passing them off as products authorized and/or distributed by the Plaintiffs.

50.     Defendants have knowingly and willfully appropriated Plaintiffs' Trademarked Properties in an effort to create the impression that the Defendants' counterfeit products are sanctioned by the Plaintiffs and to misappropriate all of the goodwill associated with Plaintiffs' Trademarked Properties.

51.     The Defendants' acts constitute unfair competition and will, unless enjoined by this Court, result in the destruction or dilution of the goodwill in Plaintiffs'

Trademarked Properties and of Plaintiffs' valuable trademark rights to the unjust enrichment of the Defendants.

52.     The Infringing Character Costumes that are sold, offered for sale, rented, offered for rent, distributed and/or manufactured by the Defendants are calculated and likely to deceive and mislead the purchasers who buy and/or rent them in the belief that they originate with or are authorized by the Plaintiffs.

53.     The continued passing off by the Defendants of such unauthorized Infringing Character Costumes as if such products originated from the Plaintiffs have caused and, unless restrained, will continue to cause serious and irreparable injury to the Plaintiffs.

54.     The Plaintiffs have no adequate remedy at law and suffers irreparable harm as a result of the Defendants' acts.

55.     The Plaintiffs have suffered damages as a result of the Defendants' acts.

56.     Defendants committed the alleged acts intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure the Plaintiffs and their businesses.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands entry of a judgment against the Defendants as follows:

1.     Permanent injunctive relief restraining the Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them from:

a.    further infringing Plaintiffs' copyrighted properties, trademarks, and licensed trademarks by providing services, producing, distributing, circulating, selling, marketing, offering for sale, renting, offering for rent, advertising, promoting, displaying, manufacturing or otherwise disposing of any services not authorized by the Plaintiffs including, but not limited to, Infringing Character Costumes bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Plaintiffs' copyrighted and trademarked properties;

b.    using any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Plaintiffs' copyrighted properties, trademarks, and licensed trademarks in the promotion, advertisement, display, sale, offer for sale, rental, production, circulation, distribution and/or manufacturing of Infringing Character Costumes in such fashion as to relate or connect, or tend to relate or connect, such products in any way to the Plaintiffs or to any goods and/or products sold, manufactured, sponsored, or approved by or connected with the Plaintiffs;

c.    making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act that can or is likely to lead the trade or public, or individual members thereof, to believe that any products sold, offered for sale, rented, distributed and/or manufactured by the Defendants are in any manner associated or connected with the Plaintiffs, or are sold, manufactured, licensed, sponsored, approved, or authorized by the Plaintiffs;

d.    engaging in any other activity constituting unfair competition with any of the Plaintiffs, or constituting an infringement of any of Plaintiffs' trademarks or of

Plaintiffs' rights in, or to use or to exploit said trademarks, or constituting any dilution of any of the Plaintiffs' names, reputations, or goodwill;

      e.   effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs a. through d.;

      f.   secreting, destroying, altering, removing, or otherwise dealing with the Infringing Character Costumes or any books or records that may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, renting, offering for rent, advertising, promoting, or displaying of all Infringing Character Costumes that infringe any of the Plaintiffs' trademarks or copyrights; and

      g.   from aiding, abetting, contributing to, or otherwise assisting anyone from infringing upon any of the Plaintiffs' trademarks or copyrights.

      2.   Directing that the Defendants deliver for destruction all Infringing Character Costumes, including character costumes, labels, signs, prints, packages, dyes, wrappers, receptacles, and advertisements in their possession or under their control bearing any of Plaintiffs' trademarks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, heat transfers, screens, matrices, and other means of making the same.

      3.   Directing that the Defendants report to this Court within thirty (30) days after a Permanent Injunction is entered to show its compliance with paragraphs 1 and 2 above.

4.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that the Plaintiffs authorized or are related in any way to any services, sold, offered for sale, rented, offered for rent, distributed, manufactured, or otherwise circulated or promoted by the Defendants.

5.      Awarding to the Plaintiffs from the Defendants, as a result of the Defendants' sale, rental and/or manufacturing of Infringing Character Costumes bearing the Plaintiffs' trademarks, three times the Plaintiffs' damages and three times the Defendants' profits, after an accounting, or statutory damages, should the Plaintiffs opt for such relief, consisting of Two Hundred Thousand Dollars ($200,000.00) for each of the Plaintiffs' trademarks infringed upon by the Defendants, and to the extent this Court concludes such infringement was willful, Two Million Dollars ($2,000,000.00) for the Plaintiffs' trademarks infringed upon by the Defendants pursuant to 15 U.S.C. § 1114 and § 1117.

6.      Awarding to each Plaintiff from the Defendants selling, renting and/or manufacturing of Infringing Character Costumes three times its damages therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117. That the Plaintiffs, be awarded from each Defendant found to be in violation of their copyrighted properties, the Defendants' profits, or at Plaintiffs' election, an award of statutory damages pursuant to 15 U.S.C. § 504, of no less than Seven Hundred and Fifty Dollars ($750.00) nor more than Thirty Thousand Dollars ($30,000.00) per copyrighted property infringed upon by each Defendant, at the Court's

discretion, or should this Court find that such infringement was willful, that this Court, pursuant to its discretion, award statutory damages of up to One Hundred and Fifty Thousand Dollars ($150,000.00) for each copyrighted property infringed upon by each such Defendant.

7.   Awarding to the Plaintiffs their reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. § 1117.

8.   Awarding to the Plaintiffs their costs in bringing this action.

9.   Awarding punitive damages to the Plaintiffs for the Defendants' willful acts of unfair competition under Florida's common law.

10.   Awarding other such relief to the Plaintiffs as this Court deems just.

Dated this ___19th___ day of April 2011.

Michael W. O. Holihan
Florida Bar No.: 0782165
Holihan Law
1101 North Lake Destiny Road, Suite 275
Maitland, Florida 32751
Telephone: 407-660-8575
Fax: 407-660-0510
michael.holihan@holihanlaw.com
Attorney for Plaintiffs